# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONTA T. HAMPTON-BEY,                )
a/k/a JONTA T. HAMPTON,              )
                                     )
                Petitioner,          )
                                     )
        v.                           )      1:08CV093
                                     )
THEODIS BECK, Secretary of the       )
Department of Correction,            )
                                     )
                Respondent.          )

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 9, 2004, Petitioner pled guilty in Durham County Superior Court to robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon.  He was sentenced to a consolidated term of 96-125 months imprisonment in cases 02-CRS-56518 and -19 and did not appeal.  Petitioner's pro se motion for appropriate relief ("MAR"), dated October 5, 2004, was summarily denied by the Durham County Superior Court on November 4, 2004.  He then filed two pro se certiorari petitions in the North Carolina Court of Appeals. The first, filed September 26, 2005, was dismissed without prejudice on October 5, 2005 for failure to file copies of all necessary documents.  The second, filed October 27, 2005, was denied on November 9, 2005.

More than a year later, Petitioner again sought collateral review.  He filed a second MAR in Durham County Superior Court on

March 19, 2007, which, like his prior motion, was denied by that court on March 28, 2007. Petitioner next filed a certiorari petition in the North Carolina Court of Appeals on May 17, 2007. That court denied certiorari on May 31, 2007. Petitioner then filed a third MAR on July 17, 2007, which the Durham County Superior Court summarily denied on August 7, 2007. Finally, on November 28, 2007, Petitioner filed a "Petition for: Averment of Jurisdiction/Certiorari" in the North Carolina Supreme Court. That court dismissed his petition on January 24, 2008. Only at this point did Petitioner file the pro se federal habeas petition now before the Court.

## Discussion

Respondent requests dismissal on the ground that the petition was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA and its amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another, meaning that both are "ordinary statutes of limitation and not jurisdictional bars." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

The one-year period for habeas petitions starts running from the date the conviction becomes final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has

-2-

been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition.  Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see also United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction).

The limitation period is tolled while state post-conviction proceedings are pending.  Harris, supra.  The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

The Fourth Circuit, as well as a number of other courts, have also held that the one-year limitation period is subject to equitable tolling in two limited circumstances.  Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases).  First, it may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers.  Second, it may apply when extraordinary circumstances beyond the prisoner's control prevent him from timely filing despite diligent attempts to do so.  Pace v. DiGuglielmo, 544 U.S. 408 (2005);  Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).

-3-

In contrast, unfamiliarity with the legal process, lack of representation, and illiteracy do not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as such a ground, Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272, nor do prison conditions, including lockdowns or misplacement of legal papers, Akins, 204 F.3d 1086. Finally, a prisoner must show diligence not only at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

In the instant case, Petitioner's conviction became final for purposes of direct review on February 9, 2004, the day the trial court entered judgment the case.[1] This means that his time to file his habeas petition under AEDPA expired 365 days after that date, i.e., on February 9, 2005, unless he can show that he filed further state court requests for review during that time period which tolled the running of the limitations period. Here, Petitioner filed myriad state court requests for review, one of which was within a year of his conviction. Therefore, his filings must be examined to determine which, if any, of them tolled the running of the limitations period, and whether, in total, they extended that period to encompass the pending habeas petition.

---

[1]Because Petitioner pled guilty and does not contend that his sentence was in error, he had no right to appeal. See N.C. Gen. Stat. § 15A-1444(a1).

-4-

Respondent acknowledges that Petitioner's October 5, 2004 MAR tolled his limitations period until that motion's denial on November 4, 2004. Respondent also concedes that the period remained tolled from that date until November 9, 2005, when the North Carolina Court of Appeals denied certiorari, thus ending Petitioner's first round of state post-conviction review. However, even with these extensions, Petitioner's time to seek federal habeas review fully expired on February 13, 2006, nearly two years before he actually filed the instant petition on February 5, 2008.

While Petitioner sought state court review on a number of occasions after February 2006, none of these filings can resurrect his expired limitation period. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)(motions and petitions can only toll the period of limitations if a petitioner files them within that period). Further, Petitioner has not advanced any argument sufficient to extend the limitations period in this case. In his petition, his sole contention on the matter is that, because his right to seek a writ of habeas corpus is protected by the Suspension Clause, U.S. Const., Art. I, § 9,[2] AEDPA's one-year period of limitation is unconstitutional. This assertion is without merit. The Fourth Circuit has explicitly held that restrictions on the courts' powers of habeas review do "not work an unconstitutional limitation upon the jurisdiction of federal habeas courts, but rather 'represent[]

_____

[2]This section provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

-5-

a modest congressional alteration of the standards pursuant to which the writ arises.'" <u>Mueller v. Angelone</u>, 181 F.3d 557, 573 (4th Cir. 1999)(quoting <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998), <u>abrogated in part by</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000)). Because Petitioner presents the Court with no other, viable reasons to excuse the untimeliness of his petition, his claims are clearly time-barred.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 5) be granted, that the habeas petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.


_____
**United States Magistrate Judge**


May 23, 2008